# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2022

Lyle W. Cayce
Clerk

No. 21-51224
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GERARDO MORA ORNELAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-213-1

Before BARKSDALE, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:*

Appealing from his guilty-plea conviction, Gerardo Mora Ornelas contests his within-Guidelines 255-months' sentence for possession, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). He claims the court erred in assessing

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

a two-level enhancement under Guideline § 2D1.1(b)(5) (offense involved importation of methamphetamine), contending, as he did in district court, that the Government did not prove that.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Whether an offense involves importation is, of course, a finding of fact. *United States v. Serfass*, 684 F.3d 548, 550, 553–54 (5th Cir. 2012).

The enhancement under Guideline § 2D1.1(b)(5) applies when the offense involved importation of methamphetamine, regardless of the defendant's knowledge of its origin. *Id.* at 551–53. The presentence investigation report (PSR) included: a co-conspirator's statement that Ornelas received large quantities of methamphetamine imported from Mexico; and laboratory results showing the methamphetamine found in his possession was of extremely high purity. Ornelas maintains an uncorroborated statement by a co-conspirator is insufficient to prove the drugs were imported. He, however, does not deny the drugs were imported; nor does he present any evidence to rebut the PSR or demonstrate its unreliability.

Generally, the PSR "bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual

determinations". *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (citations omitted). If defendant fails to present rebuttal evidence, the court is "free to adopt the PSR's findings without further inquiry or explanation". *United States v. Rodriguez*, 602 F.3d 346, 363 (5th Cir. 2010).

The court's finding regarding importation was not clearly erroneous. Ornelas' mere objection is insufficient to rebut the PSR's indicia of reliability. *E.g.*, *id.*; *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998). Accordingly, the record supports finding at least some of the methamphetamine was imported. *E.g.*, *Serfass*, 684 F.3d at 553–54 (upholding application of enhancement based, in part, on statement by co-conspirator that the methamphetamine was imported); *United States v. Arayatanon*, 980 F.3d 444, 452 (5th Cir. 2020) (no error if court could "plausibly infer" methamphetamine was imported, and high purity level is a relevant factor).

AFFIRMED.